# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

No. 10-30810

Lyle W. Cayce
Clerk

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of
Terrebonne, State of Louisiana,

     Plaintiff - Appellant

v.

LOUISIANA LAND & EXPLORATION COMPANY, an entity organized
under the laws of a state other than Louisiana and a wholly owned subsidiary
of ConocoPhillips, a Delaware Corporation,

     Defendant - Appellee

------------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of
Terrebonne, State of Louisiana,

     Plaintiff - Appellant

v.

BURLINGTON RESOURCES OIL & GAS COMPANY, L.P., an entity
organized under the laws of a state other than Louisiana and a wholly owned
subsidiary of ConocoPhillips, a Delaware corporation,

     Defendant - Appellee

------------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of
Terrebonne, State of Louisiana,

No. 10-30810

Plainitff - Appellant

v.

FOREST OIL CORPORATION, an entity organized under the laws of a state other than Louisiana,

Defendant - Appellee

------------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

Plaintiff - Appellant

v.

HILCORP ENERGY COMPANY, an entity organized under the laws of a state other than Louisiana,

Defendant - Appellee

-----------------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

Plaintiff - Appellant

v.

MERIT ENERGY COMPANY, L.L.C., an entity organized under the laws of a state other than Louisiana,

Defendant - Appellee

--------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

No. 10-30810

Plaintiff - Appellant

v.

MARITECH RESOURCES, INCORPORATED, an entity organized under the laws of a state other than Louisiana,

Defendant - Appellee

---------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

Plaintiff - Appellant

v.

MERIDIAN RESOURCES & EXPLORATION CORPORATION, an entity organized under the laws of a state other than Louisiana, also known as Meridian Resources (USA), Incorporated,

Defendant - Appellee

------------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

Plaintiff - Appellant

v.

APACHE CORPORATION, an entity organized under the laws of a state other than Louisiana,

Defendant - Appellee

---------------------------------------------------------------------------

3

No. 10-30810

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

       Plaintiff - Appellant

v.

TEXAS PETROLEUM INVESTMENT COMPANY, an entity organized under the laws of a state other than Louisiana,

       Defendant - Appellee

-----------------------------------------------------------------------------

GENE P. BONVILLAIN, in his capacity as Assessor for the Parish of Terrebonne, State of Louisiana,

       Plaintiff - Appellant

v.

CASTEX ENERGY, INCORPORATED, an entity organized under the laws of a state other than Louisiana,

       Defendant - Appellee

--------

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC 2:09-CV-3540

--------

Before DAVIS, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30810

Gene P. Bonvillain, in his capacity as the Assessor for Terrebonne Parish, filed a number of suits, which have now been consolidated, against a number of companies domiciled outside of Louisiana to recover delinquent *ad valorem* taxes. The suits primarily named corporations (and their executive officers) engaged in exploration, drilling or production of oil and gas in or out of Terrebonne Parish, Louisiana.

Plaintiff's petition alleged that the defendants, who are required to self report the location and value of their movable property located in the Parish, either failed to report the property or under reported its value. Plaintiff alleged that the inaccuracies were deliberate and fraudulent.

After the suits were consolidated, the defendants filed a motion to dismiss the complaint on a number of grounds, including lack of capacity by the plaintiff as assessor to sue for the collection of taxes. The district court granted the motion on the ground that, under Louisiana law, the parish sheriff is the only party with capacity to sue for collection of *ad valorem* taxes and that the assessor had no authority to bring these suits.

For reasons carefully explained by the district court, the capacity of a plaintiff other than an individual or corporation to sue or be sued is governed by state law. *See* Fed. R. Civ. P. 17(b). The district court carefully outlined the Louisiana constitutional and statutory provisions as well as Louisiana Supreme Court jurisprudence that make it clear that a parish assessor has no authority to sue for collection of *ad valorem* taxes. The authority to file such suits is granted solely to the sheriff of the parish.

Plaintiff also sought to recover the taxes based on a fraud theory. Plaintiff has provided no authority that such artful pleading can avoid clear Louisiana law that plaintiff has no authority to sue for collection of *ad valorem* taxes.

5

No. 10-30810

For the above reasons and those assigned by the district court in its thorough Order and Reasons of March 29, 2010, the judgment of the district court is affirmed.

AFFIRMED.